| | | |
|---|---|---|
| WILLIAM KINDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14CV1332 CDP |
| | ) | |
| TREMCO and JOE BRASIL, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of William Kinder for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a). Plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is incomplete. Therefore, his current motion to proceed in forma pauperis will be denied without prejudice, and plaintiff will be required to file a second motion for leave to proceed in forma pauperis and accompanying CJA-23 Financial Affidavit or pay the full amount of the $400 filing fee. Furthermore, after reviewing the complaint filed in this action, the Court will order plaintiff to amend his complaint according to the instructions set forth below.

### The Complaint

On July 29, 2014, plaintiff filed this employment discrimination action against defendants Tremco and Joe Brasil. Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-5 for race discrimination Specifically, plaintiff asserts that defendants discriminated against him on the basis of his race, by failing to promote him and in the terms and conditions of his employment. Plaintiff also alleges that he was harassed in violation of

Title VII.   In his complaint, plaintiff additionally asserts that he was discriminated against on the basis of his "hair style and dress."

In plaintiff's "Statement of Claim," he has written only two sentences:  (A) "Tremco allowed Joe Brasil to forgoe [sic] my supervisor and contact higher ups for complaints he had against me" and (B) "Joe Brasil for racially discriminating against me on the job."   Under "Additional Information," plaintiff states, "Joe Brasil asked another employee what color was his girlfriend."

Plaintiff has included with his complaint a copy of a notice of right to sue from the Equal Employment Opportunity Commission ("EEOC"), as well as his charging document filed with the EEOC on July 26, 2011.

### Discussion

Because plaintiff has requested to proceed in this action pursuant to 28 U.S.C. § 1915, the Court is required to review plaintiff's pleadings for frivolousness, maliciousness and for failure to state a claim, prior to service of process on the complaint.   Before the Court can do so, plaintiff must amend his complaint in compliance with this Court's Memorandum and Order.

Because plaintiff's claims were stated in such a brief manner and do not seem to match the allegations within his charge of discrimination,[1] it is difficult for the Court to review his assertions pursuant to 28 U.S.C. § 1915.   Thus, plaintiff will be required to file an amended complaint, on a court-provided form, which will supersede the complaint previously filed in this action.

---

[1]An employee may not bring allegations in an employment discrimination action if they go beyond those that "could reasonably be expected to grow out of the charge of discrimination" filed with the EEOC. *Tart v. Hill Behan Lumber Co.,* 31 F.3d 668, 671–72 (8th Cir.1994).

The amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Rule 8(a) requires that a complaint contain a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for the relief sought. And Rule 10(b) requires that a party must state its claims or defenses in separately numbered paragraphs, each limited as far as practicable to a single set of circumstances.

Plaintiff shall have thirty (30) days from the date of this Order to file his amended complaint. Plaintiff is again warned that the filing of the amended complaint **completely replaces** the original complaint, and claims that are not re-alleged are deemed abandoned. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005).[2]

After the filing of plaintiff's amended complaint, the Court will review the amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and/or failure to state a claim. A claim must survive § 1915 review in order for plaintiff to proceed on those claims in this lawsuit.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #2] is **DENIED WITHOUT PREJUDICE** due to plaintiff's failure to complete the financial information included on his motion.

---

[2]The Court notes that plaintiff has named his supervisor as a defendant in this action. Title VII provides a remedy only against an "employer." The Eighth Circuit Court of Appeals has squarely held that "supervisors may not be held individually liable under Title VII." *Bonomolo-Hagen v. Clay Central-Everly Community School District*, 121 F.3d 446, 447 (8th Cir. 1997) (citing *Spencer v. Ripley County State Bank,* 123 F.3d 690, 691-92 (8th Cir. 1997) (per curiam)); *see Bales v. Wal-Mart Stores Inc.,* 143 F.3d 1103, 1111 (8th Cir. 1998). As a result, should plaintiff attempt to assert claims under Title VII against defendant Joe Brasil in his amended complaint, such claims would likely be subject to dismissal.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's form Motion to Proceed In Forma Pauperis – Non Prisoner along with a CJA-23 Financial Affidavit.

**IT IS FURTHER ORDERED** that plaintiff shall either pay the $400 filing fee or submit a motion to proceed in forma pauperis, along with a financial affidavit, within thirty (30) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that the Clerk shall provide plaintiff a copy of a blank Employment Discrimination Complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall amend his complaint according to the instructions set forth herein, on a court-provided form, within thirty (30) days of the date of this Order.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply with this Order, this action will be dismissed without prejudice.

Dated this 11th day of August, 2014.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE